IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR T. SAMPLE, | No. C-07-04814 JSW (EDL) |
| Plaintiff, | **REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTION FOR ATTORNEY'S FEES** |
| v. | |
| MICHAEL J. ASTRUE, | |
| Defendant. | |

On March 30, 2009, Judge White granted Plaintiff's motion for summary judgment in this social security disability benefits case and remanded the matter for further proceedings. On April 23, 2009, Plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d), seeking a total of $7,254.68 in fees. On July 7, 2009, this Court issued a Report and Recommendation recommending that the district court award a slightly reduced amount of $6,978.12 in fees under the EAJA. On September 22, 2009, Judge White adopted the Court's Report and Recommendation.

On January 12, 2010, an Administrative Law Judge issued a fully favorable decision finding Plaintiff disabled and entitled to almost eight years of past-due benefits as well as continuing benefits. On May 18, 2010, Plaintiff's counsel filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b), seeking a total of $34,800, of which $6,978.12 would be credited back to Plaintiff, for a net fee of $27,821.88. On May 27, 2010, Judge White referred the motion to this Court for a Report and Recommendation pursuant to Northern District of California Civil Local Rule 72-1. Defendant does not challenge any particular aspect of the fee motion, but provides its analysis of the fee request. Plaintiff filed a reply. Because this matter is appropriate for decision without oral argument, the Court need not hold hearing in this matter.

**Discussion**

Section 406(b) provides that when a plaintiff prevails on a judgment, the Court may determine a reasonable fee for the plaintiff's counsel, which can be no more than twenty-five percent of the plaintiff's entitlement to the total past-due benefits. See 42 U.S.C. § 406(b)(1)(A). The Court must review counsel's request for fees "as an independent check" to assure that the contingency fee agreement will "yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002); Crawford v. Astrue, 586 F.3d 1142, 1149 (9th Cir. 2009). Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." Gisbrecht, 535 U.S. at 808-09. A court should consider the character of the representation and the results achieved in making its determination. Id. An award of § 406 fees is offset by any award of attorney fees granted under the EAJA. 28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796.

The Court finds that the amount of fees sought in this case is reasonable. First, the amount sought is within the twenty-five percent statutory cap. The fee agreement between Plaintiff and his counsel provides that if Plaintiff received a favorable decision, Plaintiff agreed to pay counsel a total maximum of twenty-five percent of the amount of past-due benefits, which in this case was $139,520.00. See Pl.'s Ex. C at 1. Second, Plaintiff's counsel assumed a substantial risk of not recovering attorney's fees because the claims had been denied after exhausting administrative remedies. The work by Plaintiff's counsel was not insubstantial. Plaintiff's counsel represented Plaintiff at the administrative level where this case was denied four times by the Social Security Administrator. Then, Plaintiff's counsel filed this action and a motion for summary judgment, which was granted. The case was remanded, which ultimately resulted in a decision in Plaintiff's favor. After review of the record, the Court finds that the requested attorney's fees are reasonable and do not constitute a windfall. See Gisbrecht, 535 U.S. at 808; Crawford, 586 F.3d at 1153 (following Gisbrecht in affirming the reasonableness of the fees sought in three consolidated appeals, with the dissent pointing out that the majority opinion approved payments that translated into effective hourly rates of $519, $875 and $902); see also Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (". . . district courts generally have been deferential to the terms of

1 contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may
2 exceed those for non contingency-fee arrangements."); Villa v. Astrue, 2010 WL 118454, at *1-2
3 (E.D. Cal. Jan. 7, 2010) (noting that Crawford did not provide precise standards as to what an
4 unreasonable hourly rate would be, and that "[r]educing § 406(b) fees after Crawford is a dicey
5 business.").

**Conclusion**

Accordingly, the Court recommends that Plaintiff's Motion for Attorney's Fees be granted in the amount of $34,800 pursuant to 42 U.S.C. § 406(b). The Court further recommends that Plaintiff's counsel reimburse Plaintiff in the amount of $6,978.12 previously paid under the EAJA, for a net total of $27,821.88.

Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated: July 21, 2010

ELIZABETH D. LAPORTE
United States Magistrate Judge